UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSPEH SIMMONS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. KISHBAUGH, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-1650-TLN-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court previously recommended that plaintiff's application for leave to proceed in forma pauperis be denied, as it listed assets valued at $42,000,000. ECF No. 9. Plaintiff subsequently filed objections. ECF Nos. 10 & 11. Liberally construed, plaintiff claims therein that he is in fact indigent, as he has no access to the fortune listed in his in forma pauperis application. *Id.* The court vacates the findings and recommendations, re-examines plaintiff's request for leave to proceed in forma pauperis, and now recommends that the request be denied because he has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

28 U.S.C. § 1915(g).  Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* (1) *Simmons v. Lamarque*, No. 5:03-cv-04509-JW (N.D. Cal.), ECF No. 17 (July 27, 2007 order dismissing action for failure to state a claim); (2) *Simmons v. Giurbino*, No. C 11-2169 WHA (PR) (N.D. Cal.), ECF No. 4 (June 1, 2011 order dismissing action for failure to state a claim); (3) *Simmons v. Giurbino*, No. 11-16630 (9th Cir.) (appeal dismissed on October 18, 2011 as "so insubstantial as to not to require further argument," i.e., as frivolous); (4) *Simmons v. Williams*, No. 2:09-cv-3505-EFB (E.D. Cal.), ECF No. 37 (April 11, 2012 order dismissing action for failure to state a claim); (5) *Simmons v. Kernan*, No. 16-CV-07319 LHK (PR) (N.D. Cal.), ECF No. 28 (July 25, 2017 order dismissing action for failure to state a claim); (6) *Simmons v. California*, No. 17-CV-05595 LHK (PR) (N.D. Cal.), ECF No. 7 (January 24, 2018 order dismissing action after plaintiff failed to submit an amended complaint within allotted time following dismissal of complaint for failure to state a claim); (7) *Simmons v. Brown*, No. 18-CV-6890-LHK (N.D. Cal.), ECF No. 23 (April 24, 2019 order dismissing action for failure to state a claim); and (8) *Simmons v. Brown*, No, 19-15717 (9th Cir.) (appeal dismissed on October 25, 2019 as "so insubstantial as to not warrant further review," i.e. as frivolous).

        The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  In this case, plaintiff alleges an access to the courts claim, *see* ECF No. 1, which fails to demonstrate that plaintiff was under an imminent danger of serious physical injury when he filed this action.  Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g).  Plaintiff must submit the appropriate filing fee in order to proceed with this action.

        Accordingly, IT IS ORDERED that the October 17, 2019 findings and recommendations (ECF No. 9) are vacated.

/////

/////

Further, IT IS RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF Nos. 3 & 8) be denied; and

2. Plaintiff be ordered to pay the $400 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 13, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE